UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
                -v-                                                :   94 Cr. 466 (JPC)
                                                                   :
FRANKLIN GRULLON,                                                  :
                                                                   :
                                Defendant.                         :
                                                                   :
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
                -v-                                                :   95 Cr. 25 (JPC)
                                                                   :
FRANKLIN GRULLON,                                                  :
                                                                   :   OPINION AND ORDER
                                Defendant.                         :
                                                                   :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Franklin Grullon—who pleaded guilty in this District in 1996 for robbery and drug offenses and received a seven-year term of imprisonment—now moves this Court in each of the above-captioned cases to reopen that decades-old conviction, dismiss his underlying indictments, and order the U.S. Government to permit him to enter the country. As Grullon already has completed his sentence and has been deported to the Dominican Republic, the Court liberally construes his *pro se* motions as petitioning for a writ of error *coram nobis* and for a writ of mandamus. For the reasons that follow, Grullon's motions are denied.

## I. Background[1]

On August 30, 1995, Grullon pleaded guilty in *United States v. Grullon*, No. 94 Cr. 466 (JFK) (S.D.N.Y.), to one count of conspiracy to commit robbery involving assault with a dangerous weapon, in violation of 18 U.S.C. § 1959(a)(6), and one count of using a telephone in connection with the distribution of cocaine, in violation of 21 U.S.C. § 843(b).[2] On December 8, 1995, Grullon filed a *pro se* motion to withdraw his guilty plea and replace his attorney. Judge Keenan appointed new counsel, who filed a motion to withdraw the guilty plea on April 11, 1996, which was denied on August 5, 1996. *See United States v. Grullon*, No. 94 Cr. 466 (JFK), 1996 WL 437956 (S.D.N.Y. Aug. 5, 1996). On September 6, 1996, Judge Keenan granted Grullon's application to discharge the new counsel and appointed yet another attorney. Grullon then moved again to withdraw his guilty plea, which again was denied. *See United States v. Grullon*, No. 94 Cr. 466 (JFK), 1996 WL 721084 (S.D.N.Y. Dec. 13, 1996).

On December 19, 1996, Judge Keenan sentenced Grullon to a total term of seven years' imprisonment. The Second Circuit affirmed the conviction. *See United States v. Torres*, 129 F.3d 710 (2d Cir. 1997). On November 24, 1998, Grullon moved to vacate his conviction pursuant to 28 U.S.C. § 2255, which Judge Keenan denied. *See Grullon v. United States*, Nos. 94 Cr. 466 (JFK), 99 Civ. 1877 (JFK), 2001 WL 43603 (S.D.N.Y. Jan. 17, 2001). Judge Keenan further

---

[1] The Honorable John F. Keenan, to whom No. 94 Cr. 466 was previously assigned, set out full recitations of the facts and protracted procedural history in his prior opinions and orders. *See, e.g.*, *United States v. Grullon*, No. 94 Cr. 466 (JFK), 1996 WL 437956, at *1-4 (S.D.N.Y. Aug. 5, 1996), *aff'd sub nom. United States v. Torres*, 129 F.3d 710 (2d Cir. 1997); *Grullon v. United States*, No. 99 Civ. 1877 (JFK), 2004 WL 1900340, at *1-3 (S.D.N.Y. Aug. 24, 2004).

[2] Grullon also was charged with a narcotics distribution conspiracy in the other above-captioned case, *United States v. Grullon*, No. 95 Cr. 25 (RWS) (S.D.N.Y.). The plea agreement in No. 94 Cr. 466 provided that Grullon's guilty pleas to the two charges in that case would full satisfy all charges against him in both cases. The indictment in No. 95 Cr. 25 was dismissed on the Government's motion on December 20, 1996. *See Grullon*, No. 95 Cr. 25 (docket entry of Dec. 20, 1996).

denied Grullon's request for a certificate of appealability pursuant to 28 U.S.C. § 2253. *See Grullon v. United States*, Nos. 94 Cr. 466 (JFK), 99 Civ. 1877 (JFK), 2001 WL 417080 (S.D.N.Y. Apr. 23, 2001). The Second Circuit also denied Grullon's motion for a certificate of appealability, as well as his motion to proceed *in forma pauperis*. *See Grullon,* No. 99 Civ. 1877 (docket entry of Apr. 12, 2002).

In October 2003, Grullon sought to vacate his conviction and dismiss the indictment in No. 94 Cr. 466, this time moving under Rule 60(a) of the Federal Rules of Civil Procedure and petitioning for a writ of error *coram nobis*. Judge Keenan denied the requested relief on August 24, 2004. *See Grullon v. United States*, No. 99 Civ. 1877 (JFK), 2004 WL 1900340, at *1-3 (S.D.N.Y. Aug. 24, 2004). Grullon then moved for reconsideration of that Order, as well as Judge Keenan's prior January 17, 2001 Order, which denied his motion under Section 2255. Judge Keenan denied reconsideration on June 28, 2005. *See Grullon v. United States*, No. 99 Civ. 1877 (JFK), 2005 WL 1560479 (S.D.N.Y. June 28, 2005). Judge Keenan also declined to issue a certificate of appealability, as did the Second Circuit. *See Grullon,* No. 99 Civ. 1877, Dkts. 19, 20. Then on April 25, 2012, Grullon moved pursuant to Federal Rule of Civil Procedure 60 for relief from the January 17, 2001 Order. Judge Keenan construed his motion as a petition for writ of error *coram nobis* and denied the requested relief. *See Grullon v. United States*, No. 12 Civ. 4086 (JFK), 2013 WL 686749, at *2 (S.D.N.Y. Feb. 26, 2013).

On December 5, 2023, Grullon's two criminal cases in this District—No. 94 Cr. 466 and No. 95 Cr. 25—were transferred to the undersigned. Grullon filed the pending motions on April 8, 2024. In each, Grullon asks the Court for an order (1) reopening his criminal case and dismissing the indictment with prejudice; (2) directing the government to produce a copy of the grand jury testimony and all exculpatory evidence relating to his prosecution; and (3) directing the

3

government to immediately admit him into the United States.  *Grullon*, No. 94 Cr. 466, Dkt. 484 ("94 Cr. 466 Motion"); *Grullon*, 95 Cr. 25, Dkt. 38 ("95 Cr. 25 Motion").  He also has filed several letters, affidavits, and exhibits in support of each motion.  *Grullon*, No. 94 Cr. 466, Dkts. 485-487; *Grullon*, No. 95 Cr. 25, Dkts. 39-41.

## II.  Discussion

### A.     Writ of Error *Coram Nobis*

As Grullon has already finished serving his sentence, the Court construes each of Grullon's requests that his conviction be vacated as a petition for a writ of error *coram nobis*.  A writ of error *coram nobis* is an "extraordinary" remedy, authorized by the All Writs Act, 28 U.S.C. § 1651(a), for petitioners seeking to correct "errors of the most fundamental character."  *United States v. Morgan*, 346 U.S. 502, 512 (1954).  "Although courts are still entitled to exercise *coram nobis* jurisdiction, *coram nobis* has become a disfavored means of exercising jurisdiction and the circumstances under which it can be exercised are narrowly limited."  *Grullon*, 2004 WL 1900340, at *8 (citation omitted).  *Coram nobis* is "generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence."  *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005).  "A petitioner seeking issuance of a writ of *coram nobis* to vacate a judgment of conviction must show that: '1) there are circumstances compelling such action to achieve justice; 2) sound reasons exist for failure to seek appropriate earlier relief; and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'"  *Grullon*, 2013 WL 686749, at *2 (quoting *Fleming v. United States,* 146 F.3d 88, 90 (2d Cir. 1998)).

Grullon has not shown circumstances that make vacatur of his conviction necessary to achieve justice.  The majority of Grullon's arguments in each motion relate to an alleged scheme

4

on behalf of the Government to falsely arrest him and coerce a guilty plea. He alleges, for example, that the prosecutors presented false evidence to, and withheld exculpatory evidence from, the grand jury that indicted him. 94 Cr. 466 Motion at 1-2; 95 Cr. 25 Motion at 2. Grullon further accuses the prosecutors of conspiring with each other—as well as with the Probation Office, numerous federal agents and police officers, and Grullon's court-appointed attorneys—to fabricate evidence against him, secure charges against him, obtain his conviction, and have him deported from the United States. 94 Cr. 466 Motion at 1-3; 95 Cr. 25 Motion at 1-4. These unsubstantiated accusations have been considered and rejected by Judge Keenan and the Second Circuit. *See Torres*, 129 F.3d at 715 (determining that "Grullon's plea was completely voluntary and knowing" and that "his unequivocal admissions under oath contradict his unsupported assertions of pressure"); *Grullon,* 2004 WL 1900340, at *6-7 (finding Grullon's ineffective assistance claim both legally and factually baseless), *9 (rejecting Grullon's "unsubstantiated accusations of a conspiracy"; "Grullon's claim that he was coerced into pleading guilty . . . is advanced devoid of any evidentiary support. In fact, what evidence there is in the record before the Court contradicts this assertion."); *Grullon*, 2001 WL 43603, at *6 (finding "no reason to believe" Grullon's argument that "the Government abused its power by both suppressing evidence and using false evidence").

Grullon raises only one new argument in each of his motions: that the "[t]he Court lacks jurisdiction" over his indictments in No. 94 Cr. 466 and No. 95 Cr. 25. 94 Cr. 466 Motion at 1; 95 Cr. 25 Motion at 1. Even putting aside the fact that the latter indictment has been dismissed, *see supra* n.2, this argument has no merit. "The question whether the federal courts have subject matter jurisdiction over a prosecution of a criminal offense defined by the statutes of the United States is simply and conclusively answered by 18 U.S.C. § 3231. . . . If the indictment alleges an

5

offense under U.S. criminal statutes, the courts of the United States have jurisdiction to adjudicate the claim." *United States v. Prado*, 933 F.3d 121, 134 (2d Cir. 2019); *see* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of all the courts of the States, of all offenses as against the laws of the United States."). Grullon's indictment in No. 94 Cr. 466 alleged that he committed numerous offenses in violation of federal law, *Grullon*, No. 94 Cr. 466, Dkt. 59, and he ultimately pleaded guilty to conspiracy to commit robbery involving assault with a dangerous weapon, in violation of 18 U.S.C. § 1959(a)(6), and use of a telephone in connection with the distribution of cocaine, in violation of 21 U.S.C. § 843(b). Similarly, Grullon's indictment in No. 95 Cr. 25 alleged that he violated the federal narcotics conspiracy statute, 21 U.S.C. § 846, by conspiring to distribute cocaine. Grullon, No. 95 Cr. 25, Dkt. 24. Thus, there was federal jurisdiction over each case.

In sum, Grullon has not demonstrated any reason to revisit his conviction or Judge Keenan's prior orders, and federal jurisdiction existed over his indictments in No. 94 Cr. 466 and No. 95 Cr. 25. Accordingly, there are no circumstances compelling the issuance of a writ of *coram nobis*.

**B.     Writ of Mandamus**

Because Grullon is proceeding *pro se*, his "submissions . . . must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis and internal quotation marks omitted). The Court liberally construes Grullon's requests for orders (1) directing the United States Government

to permit Grullon to enter the country[3] and (2) directing to the Government to produce evidence, as petitions for a writ of mandamus.

The Mandamus Act gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see Ying Yu Liu v. Wolf*, No. 19 Civ. 410 (PGG), 2020 WL 2836426, at *10 (S.D.N.Y. May 30, 2020) ("The court's authority to grant the requested relief [under the Mandamus Act] depends on the nature of the duty sought to be compelled: relief 'will issue only to compel the performance of a "clear nondiscretionary duty."'" (quoting *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988))). To obtain relief under this Act, the party must establish that "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 132-33 (2d Cir. 2008). "Mandamus jurisdiction is closely related to the merits of whether a writ of mandamus should issue." *Aydemir v. Garland*, No. 22 Civ. 100 (PAC), 2022 WL 4085846, at *6 (S.D.N.Y. Sept. 6, 2022) (internal quotation marks omitted). Accordingly, "jurisdiction under the mandamus statute

---

[3] Attached to one of Grullon's many submissions to the Court is an "affidavit" wherein Grullon requests an order "[v]acating [his] order of removal and terminating the deportation proceedings." *Grullon*, No. 94 Cr. 466, Dkt. 486 at 12. To the extent that Grullon is seeking to directly challenge his removal order, this Court lacks jurisdiction to consider such a challenge. *See* 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien."). "The only way for [Grullon] to seek judicial review of an order of removal is by filing a petition for review in the United States Court of Appeals for the federal judicial circuit within which the Immigration Court that issued the order of removal is located." *Sandoval-Campos v. Homeland Sec. ex rel. Dir. of INS*, No. 24 Civ. 3854 (LTS), 2024 WL 4528171, at *1 (S.D.N.Y. Oct. 7, 2024) (citing 8 U.S.C. § 1252(a)(5), (b)(2)).

is limited to actions seeking to compel the performance of a *nondiscretionary* duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

Grullon has not shown that the Government, including any federal agency or any federal officer or employee, failed to perform a clear and indisputable duty owed to him. His allegations are therefore insufficient to obtain mandamus relief, and the Court, construing his motion liberally, denies such relief.

### III.  Conclusion

For the foregoing reasons, Grullon's motion is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to close the motion at Docket Number 484 in *United States v. Grullon*, No. 94 Cr. 466 (JPC), and the motion at Docket Number 38 in *United States v. Grullon*, No. 95 Cr. 25 (JPC).

SO ORDERED.

Dated: November 26, 2024
New York, New York

JOHN P. CRONAN
United States District Judge