```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                -v-                                               :   94 Cr. 466 (JPC)
                                                                  :
FRANKLIN GRULLON,                                                 :
                                                                  :
                         Defendant.                               :
                                                                  :
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                -v-                                               :   95 Cr. 25 (JPC)
                                                                  :
FRANKLIN GRULLON,                                                 :
                                                                  :   OPINION AND ORDER
                         Defendant.                               :
                                                                  :
------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Franklin Grullon moves for reconsideration of the Court's Opinion and Order of November 26, 2024, Dkt. 488 ("Opinion"),[1] denying his petitions for a writ of error *coram nobis* and for a writ of mandamus. Dkt. 489 ("Motion"). For the following reasons, Grullon's motion is denied.

In criminal cases, motions to reconsider are permitted in this District pursuant to Local Criminal Rule 49.1(b). Local Criminal Rule 49.1(b) provides:

> A motion for reconsideration of a court order determining a motion must be filed within 14 days after the court's determination of the original motion. A memorandum . . . setting forth concisely the matters or controlling decisions that counsel believes the court has overlooked must accompany the motion.

---

[1] Unless otherwise noted, citations to the docket refer to the docket in No. 94 Cr. 466.

S.D.N.Y. Loc. Cr. R. 49.1(b). Local Criminal Rule 49.1(b) imposes a similar standard as Local Civil Rule 6.3, which instructs that, in seeking reconsideration of a court order denying a motion, the movant must "set[] forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." S.D.N.Y. Loc. Civ. R. 6.3; *see United States v. Valles*, Nos. 19 Cr. 672 (JPC), 20 Civ. 7835 (JPC), 2024 WL 1433708, at *2 (S.D.N.Y. Apr. 3, 2024).

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); *accord Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012); *see Cohen v. Jamison*, No. 23 Civ. 1304 (LTS), 2023 WL 3412762, at *2 (S.D.N.Y. May 12, 2023) (explaining that reconsideration is warranted if a movant demonstrates "that the Court overlooked controlling law or factual matters that had been previously put before it" (internal quotation marks omitted)). The standard for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see Iowa Pub. Emps. Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." (internal quotation marks omitted)), *aff'd*, 558 F. App'x 138 (2d Cir. 2014). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Grullon has failed to make such a showing.[2] Grullon makes four arguments in his motion for reconsideration. First, Grullon broadly asserts that the Court failed to consider the affidavit and thirty-one attached exhibits that he filed along with his previous motion, and he argues that the Court "overlooked" evidence that he was innocent of the crimes charged, wrongfully accused by the Government, ineffectively assisted by his counsel, and coerced to plead guilty. Motion at 7-20. The Court's prior Opinion, however, demonstrates that the Court did consider Grullon's numerous filings, *see* Opinion at 7 n.3 (referencing "Grullon's many submissions to the Court"), and the Court addressed those same wrongful-conviction and ineffective-assistance arguments in that Opinion, *id.* at 4-5 (considering and rejecting Grullon's claims of "an alleged scheme on behalf of the Government to falsely arrest him and coerce a guilty plea," and noting that "Grullon's ineffective assistance claim [was] both legally and factually baseless). *See Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Second, Grullon argues that, in rejecting his argument that federal jurisdiction was lacking over the indictments in No. 94 Cr. 466 and No. 95 Cr. 25, *see* Opinion at 5-6, the Court overlooked the Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549 (1995). Motion at 22-30. According to Grullon, Congress exceeded its powers under the Commerce Clause by enacting both 18 U.S.C. § 924(c) and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* Motion at 22-30. Grullon's arguments—which are premised entirely on a strained reading of *Lopez*—are without merit. *See United States v. Walker*, 142 F.3d 103, 111 (2d

---

[2] The Court resolved Grullon's initial motion on November 26, 2024, yet Grullon's motion for reconsideration was not mailed to the Court until December 23, 2025. Grullon's motion for reconsideration therefore was not timely filed. *See* S.D.N.Y. Loc. Cr. R. 49.1(b). Given Grullon's *pro se* status, however, the Court nonetheless considers the merits of his motion for reconsideration.

3

Cir. 1998) (holding that Section 924(c)(1) is "a valid exercise of Congressional power under the Commerce Clause" and rejecting the defendant's invitation "to extend the ruling in *Lopez* to invalidate" the statute); *United States v. Muyet*, 994 F. Supp. 550, 563-64 (S.D.N.Y. 1998) (rejecting the same argument that Grullon makes here and explaining that "[t]he Supreme Court has reviewed RICO cases since *Lopez*, and has not found any violation of the Commerce Clause"); *see also United States v. Feliciano*, 223 F.3d 102, 118 (2d Cir. 2000) (explaining that the Second Circuit has "held that *Lopez* did not heighten the minimal interstate commerce effect requirement for prosecution of Hobbs Act, RICO narcotics trafficking, and money laundering offenses, all of which are economic activities that in the aggregate have a substantial effect on interstate commerce").

Third, Grullon argues that the Court erred by concluding that it lacked jurisdiction to consider a direct challenge to Grullon's removal order, *see* Opinion at 7 n.3, because the Court should have construed Grullon's motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Motion at 30-34. Title 8, Section 1252(g) of the United States Code provides that, "notwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of title 28*, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added). Because "a petition for review filed with an appropriate court of appeals . . . [is] the sole and exclusive means for judicial review of an order of removal," *id.* § 1252(a)(5), the Court would lack jurisdiction over Grullon's challenge to his removal order even if his request for relief is construed as being brought as a writ of habeas corpus under Section 2241. *See Walters v. Ashcroft*, 198 F. App'x 78, 80 (2d Cir. 2006) (explaining that Congress "eliminate[d] the habeas jurisdiction of the district courts over claims

challenging final removal orders, and provide[d] that petitions for review filed with the Courts of Appeal shall be the exclusive means for challenging final removal orders"); *Sandoval-Campos v. Homeland Sec. ex rel. Dir. of INS*, No. 24 Civ. 3854 (LTS), 2024 WL 4528171, at *1 (S.D.N.Y. Oct. 7, 2024) ("The only way for Petitioner to seek judicial review of an order of removal is by filing a petition for review in the United States Court of Appeals for the federal judicial circuit within which the Immigration Court that issued the order of removal is located.").

Fourth, and finally, Grullon argues that the Court erred by denying his petitions because the Government did not file an opposition. Motion at 21-22, 34-37. Grullon, however, does not identify any controlling legal authority that the Court overlooked in its prior Opinion, and the Court is not aware of any Second Circuit precedent that requires it to grant unopposed applications for post-conviction relief. Grullon failed to carry his burden to show entitlement to a writ of error *coram nobis* or a writ of mandamus, regardless of whether the Government opposed his previous motion. *See United States v. Manzano* (*In re United States*), 945 F.3d 616, 623 (2d Cir. 2019) ("[T]hree demanding conditions must be satisfied before the writ [of mandamus] may issue: (1) the petitioner must 'have no other adequate means to attain the relief it desires;' (2) the petitioner must satisfy 'the burden of showing that its right to issuance of the writ is clear and indisputable;' and (3) the issuing court 'must be satisfied that the writ is appropriate under the circumstances.'" (alterations adopted) (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004))); *Foont v. United States*, 93 F.3d 76, 78-79 (2d Cir. 1996) (explaining that, when evaluating a petition for a writ of error *coram nobis*, "[t]he proceedings leading to the petitioner's conviction are presumed to be correct, and 'the burden rests on the accused to show otherwise'" (quoting *United States v. Morgan,* 346 U.S. 502, 512 (1954))).

Because Grullon fails to show any controlling authority or facts that this Court overlooked, an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice, his motion for reconsideration is denied. *See Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008). The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 489 in No. 94 Cr. 466 and the motion pending at Docket Number 43 in No. 95 Cr. 25.

SO ORDERED.

Dated: May 29, 2025
      New York, New York

_____
JOHN P. CRONAN
United States District Judge