UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

-v-

FRANKLIN GRULLON,

Defendant.

94 Cr. 466 (JPC)

-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

-v-

FRANKLIN GRULLON,

Defendant.

95 Cr. 25 (JPC)

OPINION AND ORDER

-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Franklin Grullon, proceeding *pro se*, asks the Court to restore his right to appeal its November 26, 2024 Opinion and Order denying his motions to reopen and vacate his convictions, *United States v. Grullon* ("*Grullon I*"), Nos. 94 Cr. 466 (JPC), 95 Cr. 25 (JPC), 2024 WL 5178875 (S.D.N.Y. Nov. 26, 2024); Dkt. 488,[1] and its May 29, 2025 Opinion and Order denying reconsideration, *United States v. Grullon* ("*Grullon II*"), Nos. 94 Cr. 466 (JPC), 95 Cr. 25 (JPC), 2025 WL 1699253 (S.D.N.Y. May 29, 2025); Dkt. 490 ("Reconsideration Order"). He also moves to dismiss the indictments against him in the two above-captioned cases or for the Court's recusal. For the reasons that follow, the Court construes Grullon's first request as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) and grants that motion.

[1] Citations to the docket refer to the docket in No. 94 Cr. 466 (JPC).

Grullon may file a notice of appeal from the November 26, 2024 Opinion and Order and from the Reconsideration Order within fourteen days of this Opinion and Order. His motions are otherwise denied.

On November 26, 2024, after Grullon's two criminal cases were transferred to the undersigned, the Court denied Grullon's motions to reopen and vacate his convictions, which it construed as petitions for writs of error *coram nobis* and mandamus. *Grullon I*, 2024 WL 5178875, at *2-4. Grullon moved for reconsideration. Dkt. 489. On May 29, 2025, the Court denied reconsideration, concluding that Grullon "fail[ed] to show any controlling authority or facts that this Court overlooked, an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice." *Grullon II*, 2025 WL 1699253, at *1-3. Grullon asserts that he never received notice of the Reconsideration Order and therefore did not timely appeal. After learning that the Reconsideration Order had been issued, he sent the Court a letter dated November 6, 2025, asking the Court to reissue its decision to restore his right to appeal. Dkt. 496. The letter states that had Grullon received the Reconsideration Order, "he would had [*sic*] certainly filed a timely appeal with the Second Circuit from that decision." *Id.* at 3-4. Records from the Court's mailroom reflect that a letter from Grullon was received on November 7, 2025. But that letter was not docketed and did not reach the undersigned's Chambers. *See* Dkt. 491 (noting that the Court has no record of receiving the letter motion).

On October 16, 2026, Grullon filed two more submissions: a letter again asking the Court to reissue the Reconsideration Order so that he may appeal, Dkt. 494, and a "Motion to Dismiss or for Recusal Based on Judicial Encroachment on Executive Prosecutorial Fucntions [*sic*]," Dkt. 495, along with hundreds of pages of supplemental exhibits. Most of the exhibits accompanying those submissions duplicate materials the Court received with Grullon's earlier motions. *See* Dkts.

485-487. Exhibit 38, however, is a copy of the November 6, 2025 letter, which has been separately docketed at Docket Number 496.

To the extent that Grullon's submissions seek to relitigate the issues that the Court already decided, such requests are denied. Whether construed as a successive *coram nobis* petition or a successive motion to reconsider, these submissions repeat—often verbatim—Grullon's arguments that he is innocent, that his attorneys were ineffective, that the Court lacked jurisdiction over his indictments, and that the Government's silence entitles him to relief. The Court considered and rejected those arguments in its November 26, 2024 Opinion and Order and its May 29, 2025 Reconsideration Order, and Grullon identifies no intervening change in law, new evidence, or other reason to revisit them. He may not relitigate the same issues endlessly because he disagrees with the result. *See United States v. Carollo*, No. 10 Cr. 654 (HB), 2011 WL 5023241, at *2 (S.D.N.Y. Oct. 20, 2011) ("It is beyond peradventure [*i.e.*, doubt] that a party may not re-litigate an issue already decided by the Court simply because of a disagreement with the Court's determination.").

Grullon's motion for the undersigned's recusal is also denied. Grullon seeks recusal on the novel grounds that by issuing an order without requiring a response from the Government, the Court impermissibly acted as both judge and prosecutor. *See* Dkt. 495 at 1, 15-19. Resolving a petition on its merits is a judicial function, and Grullon's disagreement with the Court's decision is not a basis for recusal. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (per curiam) ("[A]dverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.").

On the other hand, Grullon's motion to reopen the time to file an appeal is granted. Grullon's November 6, 2025 letter asks that, if the Court does not vacate his conviction, it "reissue

the Court's May 29, 2025 decision to restore the defendant's rights to file an appeal from the Court's decision." Dkt. 496 at 14. He relies on *Hill v. Hawes*, 320 U.S. 520, 524 (1944), which read an earlier version of Federal Rule of Civil Procedure 77 to permit a district court to vacate and re-enter a judgment so that a party who never received notice of its entry could appeal. Rule 77 was later amended to foreclose that result. It now provides that "[l]ack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." Fed. R. Civ. P. 77(d)(2). Affording Grullon's submission the "special solicitude" due to *pro se* litigants, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), the Court construes it as a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6).

Federal Rule of Appellate Procedure 4(a) governs the time for filing a notice of appeal in a civil case. "An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a)." Fed. R. App. P. 4(a)(1)(C). Under Rule 4(a)(6), "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if" the following conditions are satisfied. First, the court must "find[] that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." *Id.* 4(a)(6)(A). Second, the motion must be "filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." *Id.* 4(a)(6)(B). Third, the court must "find[] that no party would be prejudiced" by reopening the window to appeal. *Id.* 4(a)(6)(C). Where the requirements of Rule 4(a)(6) are satisfied, the district court is not required to grant relief

but instead has discretion. *In re WorldCom, Inc.*, 708 F.3d 327, 336 (2d Cir. 2013). In exercising that discretion, the court "should not deny relief for a litigant's failure to learn independently of the judgment," but must consider "the fault of a litigant that causes a failure of receipt." *Id.* at 337.

The Court finds that the requirements of Rule 4(a)(6) are satisfied. The docket does not reflect that the Reconsideration Order was mailed to Grullon, and the filing of a document on ECF does not result in an electronic notice to *pro se* parties who (like Grullon) are not users on the ECF system. The Court has no reason to doubt Grullon's representation that he did not receive a copy of the Reconsideration Order until he found it online months after it was filed. *See id.* at 335 (holding that "Rule 4(a)(6) refers to actual receipt, not simply effective service"). The Court thus finds that Grullon did not receive notice of the Reconsideration Order within twenty-one days after its entry. Fed. R. App. P. 4(a)(6)(A). Next, the Court finds that Grullon's motion was filed within 180 days of the Reconsideration Order. The Reconsideration Order was issued on May 29, 2025, so any motion to reopen needed to be filed by November 25, 2025.[2] A "paper not filed electronically is filed by delivering it to the clerk." Fed. R. Civ. P. 5(d)(2)(A). Although Chambers did not receive a copy of the November 6, 2025 letter until Grullon submitted it as an exhibit to his October 2026 motions, mailing records show that a letter from Grullon was delivered to the Court on November 7, 2025. Considering Grullon's submissions and the date that this letter was delivered, the Court finds that this was his November 6, 2025 letter-motion to reopen. Grullon's motion was therefore filed on November 7, 2025, within 180 days of the Reconsideration Order. Fed. R. App. P. 4(a)(6)(B). Finally, the Court finds that no party would be prejudiced by reopening

[2] Because Grullon had not received notice under Federal Rule of Civil Procedure 77(d) when he filed his motion, the 180-day period applies. *See* Fed. R. App. P. 4(a)(6)(B).

the time to file an appeal. *Id.* 4(a)(6)(C). The Government has not responded to any of Grullon's submissions, and nothing suggests that it has relied on the finality of the Reconsideration Order.

The Court also finds that the circumstances warrant exercising discretion to grant Grullon's motion. The record does not suggest "that the failure of receipt was [Grullon's] fault." *WorldCom*, 708 F.3d at 338. Grullon represents that he and his family checked his mail daily. Dkt. 496 at 3-4. And he says that he also searched the internet every day to see if the Court's decision was published. *Id.* The Court thus concludes that Grullon was not responsible for his failure to receive notice of the Reconsideration Order.

The Court therefore grants Grullon's request to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) and otherwise denies his motions. This Opinion and Order does not modify any portion of the Court's Reconsideration Order, including its certification, under 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for appeal. This certification does not prevent Grullon from appealing, but it means that he may not proceed without paying the filing fee unless the Court of Appeals grants leave under Federal Rule of Appellate Procedure 24(a)(5). If Grullon wishes to appeal the May 29, 2025 Reconsideration Order or the November 26, 2024 Opinion and Order, he must file a notice of appeal within fourteen days of the entry of this Opinion and Order. *See* Fed. R. App. P. 4(a)(4)(A), (a)(6). The Clerk of Court is respectfully directed to close Docket Number 495 in No. 94 Cr. 466 (JPC) and Docket Number 49 in No. 95 Cr. 25 (JPC).

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Franklin Grullon at 2251 Sedgwick Avenue, Apt. 1-H, Bronx, New York 10468; to email electronic copies of this Opinion and Order to Grullon at emigrantesunidos@hotmail.com;[3] and to note service on the docket.

SO ORDERED.

Dated: October 27, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

[3] Grullon has requested that copies of the Court's orders be made available to him at the stated email address. Dkt. 493.